## CHARLES R. MARTIN *et al.* v. GEORGE FIX.

EJECTMENT — *Title in Agent's Name — Constructive Notice — Equitable Title.* Where F. furnishes money to C. to purchase a piece of land for him, F., and C. purchases the land with F.'s money, and without the knowledge of F. takes the title in his own name, C. is the agent of F. in the transaction, and holds the land in trust for F. If afterward, and before conveying the land to F., C. makes a general assignment for the benefit of his creditors, and then deeds the land to F., and such deed is at once recorded, and C.'s ₁assignee then deeds the land to H., *held,* that the deed of C. to F., conveying the legal title to him, being on record at the time of the transfer of the land by the assignee to H., imparts constructive notice to H., and in an action of ejectment by F. to recover the possession of the land from H. or his grantees, F. should succeed. *Held, also,* That F. being the equitable owner of the land, and C. holding the legal title only, the assignee of C., not being a purchaser for value, acquired under the assignment no greater interest therein than C. held, and could convey to his grantee, H., no greater interest than he had; and in an action of ejectment by F. against the grantees of H., F. ought to recover.

*Error from Shawnee District Court.*

EJECTMENT. Judgment for plaintiff, *Fix,* at the September term, 1887. The defendants, *Martin* and another, bring the case to this court. The facts appear in the opinion.

*D. E. Sowers,* and *Hazen & Isenhart,* for plaintiffs in error.
*H. H. Harris,* for defendant in error.

Opinion by STRANG, C.: Action of ejectment, to recover the possession of the northeast quarter of section 27, township 12 south, of range 17 east, in Shawnee county, commenced July 31, 1886. Same day answer filed, and on the issues as thus made June 15, 1887, the case came on for trial, it being the second trial of the case. The court, after making findings of fact and conclusions of law, rendered judgment in favor of the plaintiff below, George Fix, for the possession of the land above described, upon payment of the sum of $1,151.56, taxes, interest and costs due the defend-

ants, and for costs of suit. Motion for new trial. Motion overruled, and case brought here for review, alleging that the decision of the court is contrary to the evidence; second, decision of the court is contrary to law; third, errors of law occurring at the trial, and excepted to.

To recover, the plaintiff relied upon a patent for the land from the government to W. R. Shoars, dated June 15, 1860; the death of W. R. Shoars and wife, and proof that the only surviving heirs were Clara N. Stevens, (formerly Clara N. Shoars,) and Whitfield S. Shoars; quitclaim deed from Clara N. Stevens and Whitfield S. Shoars to W. T. F. Clark, dated December 31, 1885, recorded June 21, 1886; quitclaim deed from W. T. F. Clark, dated June 17, 1886, with proof that plaintiff furnished the money to Clark to purchase the land of Clara N. Stevens and Whitfield S. Shoars.

The defendants below relied upon a tax deed from Shawnee county to Joshua Knowles, dated August 24, 1886; deed from Knowles and wife to George W. Watson, dated May 9, 1887; and deed from Watson and wife to the defendants, dated November 24, 1873. It was conceded that this tax deed was void on its face, but that under it defendants went into possession of the land. Defendants further relied upon a deed of assignment from W. T. F. Clark to Millard F. Rigby, dated May 8, 1886; deed from S. L. Seabrook, permanent assignee of W. T. F. Clark, to William R. Hazen, dated March 16, 1887; and a warranty deed from W. R. Hazen and wife to the defendants, dated March 16, 1887.

This case turns upon the effect to be given to the deed of W. T. F. Clark to George Fix, dated June 17, 1886. The court found among other things the following facts: That Fix furnished the money to Clark with which to buy the land in controversy; that in the purchase of said land Clark was the agent of Fix, and purchased the land for Fix; that though Clark took the deed from Mrs. Stevens and her brother Whitfield S. Shoars in his own name, he held the land therein described in trust for Fix, and had himself but the naked title thereto; that the deed of assignment from Clark to Rigby

contained no description of the land in question; that Hazen was a purchaser for a valuable consideration and without actual notice of any claim of George Fix to said land. Under these circumstances was the deed from Clark to Fix constructive notice to Hazen of Fix's interest in said land? If it was, then the judgment of the court below was right; if not, the judgment of the court below was wrong, and should be reversed. The court below, as a conclusion of law from the facts found, held that the deed from Clark to Fix was constructive notice to Hazen of Fix's claim in the land in controversy. We think the court was right in such conclusion. The deed from Clark to Fix was on record ten months before Hazen purchased from Seabrook, Clark's assignee. Hazen could acquire no more interest in the land than Seabrook had, and whatever interest Seabrook had he acquired from Clark. Hazen was bound to go through Seabrook's title to that of Clark, and when he came to examine Clark's title he must discover the deed from Clark to Fix, which charges him with inquiry into the character of Fix's interest in said land, and imparts notice to him of Fix's claim of ownership in said land.

Again, Seabrook took the land as assignee of Clark. He was not a purchaser for value, and therefore acquired only what was vested in Clark, which at the utmost was the mere naked title. Hazen, who purchased from Seabrook, took by his purchase no greater interest in the land than Seabrook had, and therefore acquired a mere naked title, while Fix was the owner of the equitable title to the land, and had been ever since it was deeded by Mrs. Stevens and Whitfield S. Shoars to Clark, because, as the court finds, he furnished the money to purchase the land, and Clark purchased it for him as his agent. It is true, Clark took the legal title in his own name instead of in that of his principal, Fix; but Fix did not know that Clark was taking the title in his own name, and he never consented that Clark should do so. The equitable title being in Fix before and at the time Clark took the legal title to the land, and such equitable title remaining in Fix all the

time down to the commencement of this suit in the court below, Fix ought to recover without regard to the subsequent acts of Clark affecting such land, unknown at the time to Fix, and never afterward consented to by him. Otherwise, Clark could have wholly defeated the trust resulting from the relation of himself to Fix and to the land, and wiped out Fix's equitable interest therein. We think the findings of the court below are supported by sufficient evidence, and its conclusions of law are correct.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.